Lebovits v Friedman (2018 NY Slip Op 01457)





Lebovits v Friedman


2018 NY Slip Op 01457


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-07317
 (Index No. 32098/14)

[*1]Baruch Lebovits, appellant, 
v
Moshe Friedman, respondent.


Levine & Associates, P.C., Scarsdale, NY (Michael Levine of counsel), for appellant.
Barry D. Haberman, New City, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated August 4, 2015, which granted the defendant's motion, inter alia, for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that he entered into an oral agreement with the defendant, whereby the plaintiff would convey certain real property he owned to the defendant for no consideration, and the defendant would hold the property in name only until the plaintiff requested it back, at which time the defendant would reconvey the property back to the plaintiff. The parties did not memorialize the agreement in writing, but the defendant signed a handwritten document four days before the property was conveyed to him, stating that the plaintiff's father owned the property and the defendant had no claim or connection to it.
According to the plaintiff, four years after the property was conveyed to the defendant, the plaintiff requested the return of the property, but the defendant refused to convey it back to the plaintiff. The plaintiff then commenced this action, alleging, inter alia, breach of contract. The defendant moved, among other things, for summary judgment dismissing the complaint, arguing, inter alia, that the oral agreement was invalid based on the statute of frauds. The Supreme Court agreed with that argument and granted the defendant's motion. The plaintiff appeals.
Contrary to the plaintiff's contention, no issues of material fact exist. Although the parties offered differing accounts of the background facts, since the alleged oral agreement concerns the conveyance of real property, which is invalid under the statute of frauds (see General Obligations Law § 5-703; Torres v D'Alesso, 80 AD3d 46, 52), the different accounts of the background facts are irrelevant. The plaintiff's remaining contentions are without merit. Accordingly, the Supreme Court properly granted the defendant's motion, inter alia, for summary judgment dismissing the complaint.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.

2015-07317 DECISION & ORDER ON MOTION
Baruch Lebovits, appellant, v Moshe Friedman,
respondent.
(Index No. 32098/14)

Motion by the respondent, inter alia, to strike the appellant's brief and dismiss an appeal from an order of the Supreme Court, Rockland County, dated August 4, 2015, on the ground that the brief improperly raises issues for the first time on appeal. By decision and order on motion of this Court dated May 31, 2016, that branch of the motion which is to strike the appellant's brief and dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike the appellant's brief and dismiss the appeal is granted to the extent that those portions of the appellant's brief pertaining to the statute of frauds, civil trespass/private nuisance, and breach of fiduciary duty arguments are stricken, those portions of the brief have not been considered in the determination of the appeal, and the motion is otherwise denied.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court